Electronically Submitted
4/22/2020 3:59 PM
Gregg County District Clerk
By: Yazmin Powell ,deputy

CAUSE NO. 2020-749-A

| | | |
|---|---|---|
| CHELSEY EVANS, INDIVIDUALLY, | § | IN THE DISTRICT COURT |
| AND AS PERSONAL REPRESENTATIVE | § | |
| OF THE ESTATE OF JAMES | § | |
| MICHEAL EVANS, DECEASED, | § | |
| COREY EVANS, CHASE EVANS, AND | § | |
| BRITTANY SELL | § | |
| | § | |
| v. | § | GREGG COUNTY, TEXAS |
| | § | |
| JOHN CHRISTNER TRUCKING, LLC, | § | |
| WILLIAM R. WEIMER, AND | § | |
| RICKEY DALE MAHAN | § | 188TH JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, CHELSEY EVANS, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMES MICHEAL EVANS, DECEASED, COREY EVANS, CHASE EVANS, and BRITTANY SELL, hereinafter called Plaintiffs, complaining of JOHN CHRISTNER TRUCKING, LLC, WILLIAM R. WEIMER, and RICKEY DALE MAHAN, hereinafter called Defendants, and for cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

#### I.

Discovery in this cause of action is intended to be conducted under Level 2 of Rule 190.3, Texas Rules of Civil Procedure.

## JURISDICTION AND VENUE

### II.

Venue is proper in Gregg County pursuant to Chapter 15, Texas Civil Practice and Remedies Code, in that this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

Jurisdiction is proper in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas.

## PARTIES AND SERVICE

### III.

Plaintiff, CHELSEY EVANS, resides in Overton, Texas.    The last three digits of Plaintiff's driver's license number are 132.    The last three digits of Plaintiff's social security number are 687.

Plaintiff, COREY EVANS, resides in Longview, Texas.    Plaintiff does not have a driver's license.    The last three digits of Plaintiff's social security number are 528.

Plaintiff, CHASE EVANS, resides in Kilgore, Texas.    The last three digits of Plaintiff's driver's license number are 133.    The last three digits of Plaintiff's social security number are 339.

Plaintiff, BRITTANY SELL, resides in Kilgore, Texas.    The last three digits of Plaintiff's driver's license number are 395.    The last three digits of Plaintiff's social security number are 081.

Defendant, JOHN CHRISTNER TRUCKING, LLC, is a foreign limited liability company doing business in the State of Texas and may be served with process by serving its registered agent for service of process, Darryl A. Christner, at 19007 W. Hwy. 33, Sapulpa,

Oklahoma 74067, by certified mail, return receipt requested, issued by the District Clerk of Gregg County, Texas.

Defendant, WILLIAM R. WEIMER, resides at 461 Brush Creek Rd., Burkesville, Kentucky 42717, and may be served with process at this address or wherever he may be found.

Defendant, RICKEY DALE MAHAN, resides at 517 E. Longview Street, Arp, Texas 75750, and may be served with process at this address or wherever he may be found.

## FACTS AND CAUSES OF ACTION

### IV.

At approximately 1:50 a.m. on May 24, 2019, Decedent James Micheal Evans and Plaintiff, COREY EVANS, were pushing a disabled vehicle owned by Defendant, RICKEY DALE MAHAN, out of the roadway on Interstate Highway 20 in Gregg County, Texas. Defendant, WILLIAM R. WEIMER, was operating a 2020 Freightliner Cascadia 126 tractor owned and/or leased by Defendant, JOHN CHRISTNER TRUCKING, LLC and pulling a 2013 Great Dane Trailers trailer owned and/or leased by Defendant, JOHN CHRISTNER TRUCKING, LLC, and traveling westbound on Interstate Highway 20. At the time of the accident, WILLIAM R. WEIMER was in the course and scope of his employment with Defendant, JOHN CHRISTNER TRUCKING, LLC. Suddenly and without warning, Defendant, WILLIAM R. WEIMER, failed to control the speed of the 2020 Freightliner Cascadia 126 tractor, took faulty evasive action, and struck James Micheal Evans, subjecting James Micheal Evans to tremendous force and fatal injuries.

At the time of the incident that forms the basis of this lawsuit, Plaintiff, COREY EVANS, was a child of James Micheal Evans. Therefore, Plaintiff, COREY EVANS, is closely related to James Micheal Evans, who is a victim of the incident in question.  Plaintiff, COREY EVANS, is

not only a surviving child of James Micheal Evans, but he was also a bystander to the incident in that he witnessed the events that caused the injuries to, and death of, James Micheal Evans. Plaintiff, COREY EVANS, has suffered shock and mental anguish as a result of having a sufficiently contemporaneous perception of the injuries to his father, James Micheal Evans, and is thus entitled to damages as a bystander for his severe mental anguish.

V.

Defendant, WILLIAM R. WEIMER, was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

1. Violating Section 545.351 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

   (a) An operator may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

   (b) An operator:

       (1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

       (2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

2. Failing to keep a proper lookout;
3. Failing to timely apply brakes;
4. Failing to control the vehicle;
5. Failing to act and/or respond in a reasonable manner;
6. Failing to take proper evasive action; and
7. Failing to control the speed of the vehicle.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiffs and the fatal injuries suffered by James Micheal Evans.

VI.

At the time and on the occasion in question, and immediately prior thereto, Defendant, JOHN CHRISTNER TRUCKING, LLC, committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiffs and the death of James Micheal Evans.

Defendant JOHN CHRISTNER TRUCKING, LLC's independent acts of negligence include, but are not limited to, the following:

1.  Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

2.  Hiring and continuing to retain an unsafe, unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unsafe, unlicensed, incompetent and/or reckless;

3.  Failing to properly train, supervise and/or monitor Defendant, WILLIAM R. WEIMER;

4.  Failing to maintain, inspect and/or repair the vehicle in a reasonably safe or prudent manner; and

5.  Failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to 49 C.F.R. 300-399, Chapter 521.459 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, and Vernon's Texas Statutes and Codes Annotated, Transportation Code Titles 1, 2, and 7.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiffs and the fatal injuries suffered by JAMES MICHEAL EVANS.

VII.

Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to hire, train, supervise, direct, instruct, and/or control the performance of workers and/or the operation, maintenance, or inspection of equipment or vehicles. Defendants knew or should have known that such hiring, training, supervision, direction, instruction, control, operation and/or maintenance or inspection was necessary for Plaintiffs' and James Micheal Evans's protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiffs, James Micheal Evans, or a third party relied on Defendants' performance, and Defendants' performance increased Plaintiffs' and James Micheal Evans's risk of harm.

VIII.

Defendant, JOHN CHRISTNER TRUCKING, LLC, is liable for the damages proximately caused to Plaintiffs, and for the death of James Micheal Evans, by the conduct of Defendant, WILLIAM R. WEIMER, in that Defendant, JOHN CHRISTNER TRUCKING, LLC, was the employer of Defendant, WILLIAM R. WEIMER, on the date that Defendant, WILLIAM R. WEIMER, negligently injured Plaintiffs and James Micheal Evans and fatally injured James Micheal Evans, as alleged above, and Defendant, WILLIAM R. WEIMER, was acting within the course and scope of that employment when that injury occurred or Defendant, JOHN CHRISTNER TRUCKING, LLC, had the right to control the activities of Defendant, WILLIAM R. WEIMER.

IX.

Defendant, RICKEY DALE MAHAN, was negligent in various acts and omissions, which   negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

1.    Providing and/or making available a motor vehicle with one or more defects;

2.    Failing to maintain the vehicle is a good working condition; and

3.    Failing to warn James Michael Evans of the defects with the vehicle.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiffs and the fatal injuries suffered by James Micheal Evans.

## DAMAGES FOR PLAINTIFFS

### X.

Plaintiffs, CHELSEY EVANS, COREY EVANS, CHASE EVANS, and BRITTANY SELL, are the surviving children of James Micheal Evans. Plaintiff, therefore, claims all damages recoverable to them under the law.

Further, as a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiffs and James Micheal Evans were caused to suffer and to endure anxiety, pain, and illness and death resulting in damages more fully set forth below.

Further, as a direct and proximate result of the occurrence made the basis of this lawsuit, CHELSEY EVANS, AS REPRESENTATIVE OF THE ESTATE OF JAMES MICHEAL EVANS, seeks the following elements of damages from Defendants:

A.    Reasonable medical care and expenses in the past;

B.    Funeral and burial expenses;

C.    Physical pain and suffering in the past;

D.    Mental anguish in the past;

E.    Physical impairment in the past; and

F.     Physical disfigurement in the past.

Further, as a direct and proximate result of the occurrence made the basis of this lawsuit, CHELSEY EVANS, INDIVIDUALLY, seeks the following elements of damages from Defendants:

A.     Pecuniary loss arising out of the death of James Micheal Evans in the past;

B.     Pecuniary loss arising out of the death of James Micheal Evans that, in reasonable probability, will be suffered in the future;

C.     Loss of inheritance;

D.     Loss of companionship and society arising out of the death of James Micheal Evans in the past;

E.     Loss of companionship and society arising out of the death of James Micheal Evans that, in reasonable probability, will be suffered in the future;

F.     Mental anguish arising out of the death of James Micheal Evans in the past; and

G.     Mental anguish arising out of the death of James Micheal Evans that, in reasonable probability, will be suffered in the future.

Further, as a direct and proximate result of the occurrence made the basis of this lawsuit, COREY EVANS seeks the following elements of damages from Defendants:

A.     Pecuniary loss arising out of the death of James Micheal Evans in the past;

B.     Pecuniary loss arising out of the death of James Micheal Evans that, in reasonable probability, will be suffered in the future;

C.     Loss of inheritance;

D.     Loss of companionship and society arising out of the death of James Micheal Evans in the past;

E.     Loss of companionship and society arising out of the death of James Micheal Evans that, in reasonable probability, will be suffered in the future;

F.     Mental anguish arising out of the death of James Micheal Evans in the past; and

G.      Mental anguish arising out of the death of James Micheal Evans that, in reasonable probability, will be suffered in the future.

Additionally, Plaintiff, COREY EVANS, as a bystander, has incurred the following damages:

A.      Mental anguish in the past; and

B.      Mental anguish which, in reasonable probability, will be suffered in the future.

Further, as a direct and proximate result of the occurrence made the basis of this lawsuit, CHASE EVANS seeks the following elements of damages from Defendants:

A.      Pecuniary loss arising out of the death of James Micheal Evans in the past;

B.      Pecuniary loss arising out of the death of James Micheal Evans that, in reasonable probability, will be suffered in the future;

C.      Loss of inheritance;

D.      Loss of companionship and society arising out of the death of James Micheal Evans in the past;

E.      Loss of companionship and society arising out of the death of James Micheal Evans that, in reasonable probability, will be suffered in the future;

F.      Mental anguish arising out of the death of James Micheal Evans in the past; and

G.      Mental anguish arising out of the death of James Micheal Evans that, in reasonable probability, will be suffered in the future.

Further, as a direct and proximate result of the occurrence made the basis of this lawsuit, BRITTANY SELL seeks the following elements of damages from Defendants:

A.      Pecuniary loss arising out of the death of James Micheal Evans in the past;

B.      Pecuniary loss arising out of the death of James Micheal Evans that, in reasonable probability, will be suffered in the future;

C.      Loss of inheritance;

D.      Loss of companionship and society arising out of the death of James Micheal Evans in the past;

E.    Loss of companionship and society arising out of the death of James Micheal Evans that, in reasonable probability, will be suffered in the future;

F.    Mental anguish arising out of the death of James Micheal Evans in the past; and

G.    Mental anguish arising out of the death of James Micheal Evans that, in reasonable probability, will be suffered in the future.

By reason of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. In accordance with Texas Rule of Civil Procedure 47, Plaintiffs seek monetary relief over $1,000,000.00.

## REQUEST FOR DISCLOSURE

### XI.

Pursuant to and in accordance with Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within fifty (50) days of service hereof, the information or material described in Rule 194.2(a) – (l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

GOUDARZI & YOUNG, L.L.P.
P.O. Drawer 910
Gilmer, Texas 75644
Telephone:  (903) 843-2544
Facsimile:   (903) 843-2026

By: _____
    Brent Goudarzi
    State Bar No. 00798218
    Marty Young
    State Bar No. 24010502

goudarziyoung@goudarzi-young.com

ATTORNEYS FOR PLAINTIFFS